# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | 1:12-cv-01607-BAM (PC)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.     Screening Requirement and Standard**

Plaintiff Paul Montanez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on October 1, 2012, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. **Plaintiff's Allegations**

Plaintiff is currently housed at the California Correctional Institution ("CCI") located in Tehachapi, California, where the events alleged in his complaint occurred. Plaintiff names (1) the State of California; (2) the California Department of Corrections and Rehabilitation ("CDCR"); (3) John Doe, Warden at CCI, in his official and individual capacity; (4) R. Mayo, Lieutenant at CCI, in his individual and official capacity; and (5) P. Matzen, Facility Captain at CCI, in his individual and official capacity.

Plaintiff alleges that Defendants have violated the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, along with his First Amendment rights to communicate with the outside world and his Fourteenth Amendment right of access to the Courts. (ECF No. 1, p. 6.)

Plaintiff further alleges that he has undergone numerous surgeries to his dominant right hand. As a result of the surgeries and of prison staff's post-operative medical negligence, Plaintiff has been left with very limited use of his right hand. On November 13, 2008, April 16, 2009, June 8, 2011, August 24, 2011 and May 23, 2012, Plaintiff underwent surgeries on his

dominant right hand.  Plaintiff has been instructed by physicians not to lift, pull, push, twist or grab with his dominant right hand.

On June 17, 2012, Plaintiff submitted a request for a staff assistant or typewriter for his legal writing.  Plaintiff currently is involved in litigation in the Eastern District of California in three other cases.

On July 6, 2012, Dr. Binganman ordered Plaintiff not to use his right hand to write and to use his left hand to type.

On August 10, 2012, prison officials granted Plaintiff the use of a typewriter.  However, as of the date of his complaint, Plaintiff had not been provided with a typewriter.

On August 13, 2012, Plaintiff's orthopedic surgeon ordered and recommended bracing, icing, activity modification or accommodations, no use of the right hand and that Plaintiff may use a typewriter.

Plaintiff claims that when no inmate is willing to write for him, prison officials will not provide a telephone, typewriter or staff assistant.

Plaintiff seeks injunctive relief, along with compensatory and punitive damages.

**III.   Discussion**

A.  Official Capacity and Eleventh Amendment

The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir.2007).  A suit against a state official in his official capacity equates to a suit against the state employing that official, Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), effectively barring a plaintiff from bringing suit on these grounds.  However, the Eleventh Amendment does not bar a suit for monetary damages against a state official sued in his individual capacity. Id.

The Eleventh Amendment bars Plaintiff's claim for monetary damages against the State of California and CDCR.  It also bars Plaintiff's claim for monetary damages against Defendants John Doe, R. Mayo and P. Matzen in their official capacities.

B. Linkage Requirement

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones, 297 F.3d at 934.

Here, Plaintiff fails to link any of the individual defendants to any alleged violation of his rights. Although he refers collectively to "Defendants," he fails to demonstrate that each individual defendant personally participated in the deprivation of his rights. In other words, he does not allege that any defendant committed a specific act. Instead, he merely claims that despite being granted a typewriter, he has not received one. Plaintiff does not allege facts linking any specific defendant to the purported failure to provide a typewriter.

Although Plaintiff will be given leave to amend his complaint, it is not entirely clear that Plaintiff can cure this deficiency. According to the exhibits attached his complaint, Plaintiff has been granted leave to use the typewriter in the Legal Library, not a personal typewriter. (ECF No. 1, p. 12.) There are no allegations in Plaintiff's complaint suggesting that he has been denied use of a typewriter in the Legal Library.

C. Supervisory Liability

To the extent that Plaintiff seeks to hold Warden John Doe liable based upon his supervisory position, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of

Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not alleged that Defendant John Doe participated in or directed any violations or knew of the violations involving Plaintiff and failed to prevent them. Plaintiff will be given leave to cure this deficiency.

### D.  Inmate Appeals Process

To the extent that Plaintiff seeks to impose liability against Defendants Mayo and Matzen based on their involvement in the inmate appeals process, he may not do so. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Accordingly, Plaintiff has not stated a cognizable claim arising out of the screening and reviewing of his inmate appeals.

### E.  Access to the Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177, 135 L.Ed.2d 606 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).

Here, Plaintiff has not stated a claim for denial of access to the courts. Although Plaintiff alleges that he requires access to an assistant or a typewriter for his legal writing, Plaintiff does not set forth any facts demonstrating that he has been unable to file documents in any action. In sum, Plaintiff's allegations are insufficient to demonstrate the frustration or hindrance of a litigating opportunity yet to be gained or from the loss of a meritorious suit that cannot now be tried.

F.  <u>First Amendment</u>

Plaintiff alleges that he has been denied his First Amendment right of communication with persons outside of the prison by denial of a typewriter, an assistant or use of a telephone. An inmate retains First Amendment free speech rights not inconsistent with his status as a prisoner and with the legitimate penological interests of the corrections system. <u>See</u> <u>Shaw v. Murphy</u>, 532 U.S. 223, 231, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001); <u>Clement v. California Dep't of Corr.</u>, 364 F.3d 1148, 1151 (9th Cir.2004).  Prison officials may regulate the right to communicate with persons outside prison walls if such regulation is reasonably related to legitimate penological interests and an inmate is not deprived of all means of expression. <u>Valdez v. Rosenbaum</u>, 302 F.3d 1039, 1048 (9th Cir.2002) (citing <u>Turner v. Safley</u>, 482 U.S. 78, 92, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1986)).

Here, Plaintiff has not alleged that he has been denied all means of communication with persons outside of the prison.  Rather, Plaintiff alleges that on occasion he has been unable to obtain inmate assistance with writing or has been denied use of the telephone or a typewriter. Plaintiff has not alleged a complete prohibition on his ability to send or receive mail, a complete prohibition against inmate assistance to prepare written correspondence or a complete prohibition on his use of the telephone.  Plaintiff therefore has failed to state a cognizable First Amendment claim.

G.  <u>ADA/Section 504</u>

Title II of the ADA prohibits discrimination on the basis of disability. <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. <u>Pennsylvania Dept. of Corrections v. Yeskey</u>, 524 U.S. 206, 118 S.Ct. 1952, 1955, 141 L.Ed.2d 215 (1998); <u>see also</u> <u>Simmons</u>, 609 F.3d at 1021.  Because Title II of the ADA was modeled after § 504 of the Rehabilitation Act of 1973, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation

Act." <u>Zukle v. Regents of the University of California</u>, 166 F.3d 1041, 1045, n. 11 (9th Cir. 1999).

To establish a violation of Title II of the ADA and section 504, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was "excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (3) "such exclusion, denial of benefits, or discrimination was by reason of his disability." <u>Simmons</u>, 609 F.3d at 1021 (citations omitted); <u>Martin v. California Dept. of Veterans Affairs</u>, 560 F.3d 1042, 1047 (9th Cir.2009).

Plaintiff has not stated a cognizable claim for violation of the ADA or Section 504. First, Plaintiff has not established that he has been discriminated against by CDCR because of a disability. Based on the complaint and attached exhibits, CDCR has granted Plaintiff the use of a typewriter in the Legal Library. Plaintiff has failed to allege that he has been denied use of the Legal Library typewriter. Further, Plaintiff's exhibits establish that neither he nor any other inmate housed in the Facility B SHU is permitted a personal typewriter. (ECF No. 1, p. 13.) In other words, the typewriter restriction applies to all SHU inmates equally.

Second, Plaintiff has not established the he has been prevented from utilizing other inmates to prepare his legal papers, has been denied access to pen and paper for writing with his non-dominant hand, or has been denied access to the typewriter in the Legal Library. Plaintiff also has not identified any specific instances in which he has been unable to communicate with the court or with other persons outside of prison.

Third, and finally, to the extent Plaintiff is attempting to impose liability against prison officials in their individual capacities for violation of the ADA, he may not do so. The proper defendant is the public entity responsible for the alleged discrimination. <u>See</u>, <u>e.g.</u>, <u>Anaya v. Herrington</u>, 2010 WL 4942214, *4 (E.D. Cal. Nov. 30, 2010); <u>Linthecome v. Junious</u>, 2012 WL 1458095, *3 (E.D. Cal. Apr. 26, 2012). "[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." <u>Vinson v. Thomas</u>, 288 F.3d 1145, 1156 (9th Cir. 2002).

///

**IV.     Conclusion and Order**

Plaintiff's first amended complaint fails to state a cognizable claim for relief.  However, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

3.     Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4.     If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 7, 2013**            /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE